Case 2:12-cv-01792-CKD   Document 23   Filed 07/10/13   Page 1 of 7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EURA DEAN KILGORE, | No. 2:12-cv-1792 CKD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,[1] | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff, born April 25, 1947, applied for Title II Disability Insurance Benefits on April 28, 2008, alleging disability beginning April 1, 2001. Administrative Transcript ("AT") 168.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin shall be substituted for Michael J. Astrue as the defendant in this suit.

1

Plaintiff alleged he was unable to work due to chronic obstructive pulmonary disease ("COPD"), emphysema, an enlarged aorta, and high cholesterol. AT 161. In an undated Disability Report – Appeals, plaintiff first alleged that he was also unable to work due to posttraumatic stress disorder ("PTSD"). AT 192. In a decision dated October 22, 2010, the ALJ determined that plaintiff was not disabled.[2] AT 21-27. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has last met the insured status requirements of the Social Security Act on December 31, 2006.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of April 1, 2001 through his date last insured of December 31, 2006.

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

> 3. Through the date last insured, the claimant had the following medically determinable impairments: chronic obstructive pulmonary disease (COPD), emphysema, and posttraumatic stress disorder (PTSD).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments.
>
> 5. The claimant was not under a disability, as defined in the Social Security Act, at any time from April 1, 2001, the alleged onset date, through December 21, 2006, the date last insured.

AT 23-26.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) The ALJ failed to evaluate the medical opinions of examining psychologist Dr. Jurgenson and treating psychiatrist Dr. Rogers; (2) the ALJ failed to properly assess the credibility of the testimony by plaintiff and plaintiff's cousin, Juanita Anglin; (3) the ALJ failed to call on the services of a medical advisor for assistance in inferring the onset of plaintiff's mental impairments; and (4) because the ALJ's erroneously found that plaintiff did not have a severe impairment, the ALJ failed to proceed to steps three, four, and five of the sequential evaluation process. ECF No. 16.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).

1  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one
2  rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).
3      The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th
4  Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's
5  conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not
6  affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see
7  also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the
8  administrative findings, or if there is conflicting evidence supporting a finding of either disability
9  or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,
10 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in
11 weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

13      Plaintiff stipulates that his physical impairments were not disabling prior to the date last
14 insured, but nonetheless argues that the ALJ erred at step two of the sequential evaluation process
15 where he found that "[t]hrough the date last insured, . . . the [plaintiff] did not have a severe
16 (mental) impairment or combination of (mental) impairments." ECF No. 16 at 5; AT 23.
17 Plaintiff's insured status expired on December 31, 2006. To be entitled to disability benefits,
18 plaintiff must establish that his disability existed on or before this date. See Artis v. Barnhart, 97
19 Fed.Appx. 740, 741 (9th Cir. 2004); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir.1998); Johnson
20 v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995). In his opinion, the ALJ states that "the record is
21 devoid of any objective evidence, which reflects that [petitioner's] ability to perform basic work
22 activities is more than minimally impaired." AT 24. Furthermore, he notes that "although the
23 [plaintiff] alleged onset date of his disability in April 2001, there is no medical evidence of record
24 supporting the [plaintiff's] allegations going back to 2001." Id. The ALJ asserts that a
25 Psychiatric Review Technique form, dated September 10, 2008, "shows that there is insufficient
26 evidence of any mental disorder." Id.; AT 280-91. The ALJ also states that his finding "is
27 consistent with the Disability Determination Services physician's assessment of record," dated
28 July 14, 2008. AT 26; AT 271-72. Plaintiff agrees that "no documentary medical evidence exists

1  which predates the plaintiff's date last insured." ECF No. 16 at 3.  However, plaintiff asserts that
2  the ALJ erred at step two by failing to consider medical evidence and opinions from his treating
3  psychiatrist, Dr. Paul David Rodgers, and his examining psychologist, Dr. Jerry Jurgenson, which
4  are dated September 8, 2008 and beyond.  Id.; AT 318-57.

5        On August 29, 2008, Dr. Rodgers began treating plaintiff.[3]  AT 340-42.  At that time, Dr.
6  Rodgers performed an intake/biopsychosocial evaluation.  Id.  Plaintiff informed Dr. Rodgers that
7  he had never visited the Veterans Affairs ("VA") before the Spring of 2008.  Id.  Dr. Rodgers
8  noted that plaintiff went to the VA on May 12, 2008 for issues pertaining to his physical health
9  and that although plaintiff did not complain of any mental health issues at that time he was
10 referred for a mental health evaluation for possible PTSD.  Id.  This note is well supported by
11 notes taken by Dr. Paul Stevens on May 12, 2008, which state that plaintiff was a "New Patient,"
12 he was "to be evaluated by Mental Health," and a "PTSD screening test . . . was positive."  AT
13 260-64.  Dr. Rodgers noted that plaintiff was advised to visit with a psychiatrist for possible
14 PTSD by Sunny Morgan, a VA counselor who first saw plaintiff on June 13, 2008.  AT 194 &
15 340.  Dr. Rodgers also recognized that plaintiff had "[n]o prior consult with [mental health] in the
16 past prior to today, in any setting."  AT 340.[4]  The records indicate that Dr. Rodgers treated
17 plaintiff at least eight more times.  AT 319-39.  The most recent visit documented in the record
18 was on February 1, 2010.  AT 319-21.  On March 18, 2010, Dr. Rodgers completed a Mental
19 Residual Functional Capacity Questionnaire in which Dr. Rodgers states that plaintiff has PTSD,
20 major depressive disorder, anxiety, and other physical impairments.  AT 343-47.

21       On April 19, 2010, at the request of Mr. Joseph C. Fraulob, plaintiff's attorney, Dr.
22 Jurgenson evaluated plaintiff in order to assess plaintiff's "mental limitations prior to December
23 31, 2006" and to determine whether plaintiff's "use/abuse of alcohol was a material factor of
24 disability."  AT 349.  Dr. Jurgenson issued a Psychological Report, in which he discusses his
25 assessment of plaintiff and plaintiff's medical records that are primarily from plaintiff's visits

---

[3] The Progress Note for this visit is dated September 8, 2008.  AT 340.
[4] Dr. Rodgers presumably meant that plaintiff had never seen a psychiatrist prior to this visit since Dr. Rodgers was aware of plaintiff's visits with Dr. Stevens and counselor Morgan.

5

1    with Dr. Rodgers.  AT 349-54.  Dr. Jurgenson found that plaintiff's "psychological difficulties

2    related to his combat experiences in Vietnam have been present since his discharge from the

3    military in 1968."  AT 354.  Dr. Jurgenson also found that plaintiff's "use of substances,

4    particularly alcohol[,] is not a material factor in his disability, rather an effort to medicate the

5    challenging symptoms he experiences."  Id.

6           The ALJ notes that plaintiff "did not receive any treatment for his complaints until March

7    2008," AT 25, but he failed to discuss those treatment records and medical opinions.  The ALJ

8    stated that "the record is devoid of objective evidence or clinical findings regarding his

9    complaints from the alleged onset date of April 1, 2001, through December 31, 2006."  AT 26.

10   Thus, the ALJ presumably considered the medical evidence and opinions from Drs. Stevens,

11   Rodgers, and Jurgenson, which were dated after December 31, 2006, to be outside the scope of

12   his review.  This method of evaluating the record is improper as the Ninth Circuit "has

13   specifically held that medical evaluations made after the expiration of a claimant's insured status

14   are relevant to an evaluation of [a] preexisting condition."  Taylor v. Commissioner of Social Sec.

15   Admin., 659 F.3d 1228 (9th Cir. 2011) quoting Lester, 81 F.3d at 832.  In Taylor, the court stated

16   that if a medical opinion is rejected because it is believed to concern a time after the last date

17   insured, its rejection is improper.  Id.  Furthermore, the ALJ is required to evaluate every medical

18   opinion in the record, regardless of the source.  See 20 C.F.R. § 404.1527(c).

19          For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C.

20   § 405(g) for further development of the record and further findings addressing the deficiencies

21   noted above.  On remand, the ALJ is instructed to properly evaluate the opinions of Drs. Rodgers

22   and Jurgenson as well as the related treatment notes from September 8, 2008 to February 1, 2010,

23   per 20 C.F.R. § 404.1527.  This determination is necessary in light of Dr. Jurgenson's finding that

24   plaintiff's PTSD has been present since his discharge from the military in 1968.  However, the

25   burden of proof remains with the plaintiff to prove disability before the expiration of his disability

26   insured status.  See Artis, 97 Fed.Appx. at 741; Tidwell, 161 F.3d at 601 (9th Cir.1998); Johnson,

27   60 F.3d at 1432.

28   /////

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for remand (ECF No. 16) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 22) is denied; and,

3. This matter is remanded for further proceedings consistent with this order.

Dated: July 10, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD: 33
CM/Attorneys/"33"/CKD/kilg1792.dib.ord