UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EURA DEAN KILGORE,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:12-cv-1792 CKD<br><br><br>ORDER |

On July 10, 2013, the Court granted plaintiff's motion for summary judgment and remanded the case for further proceedings. Presently before the Court is the Commissioner's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) filed on August 7, 2013. Plaintiff has not filed an opposition.

Parties seeking reconsideration should demonstrate "new or different facts or circumstances [which] are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. L.R. 230 (j); see United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997) (reconsideration appropriate for a change in the controlling law, facts, or other circumstances; a need to correct a clear error; or a need to prevent manifest injustice). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and

1

1 conservation of judicial resources. . . A Rule 59(e) motion may not be used to raise arguments or
2 present evidence for the first time when they could reasonably have been raised earlier in the
3 litigation." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).

4      Here, the Commissioner's Rule 59(e) motion does not present new law or facts.
5 Instead, the Commissioner contends that the Court's application of Taylor v. Commissioner
6 of Social Sec. Admin., 659 F.3d 1228 (9th Cir. 2011), "is a manifest error of law." ECF No. 24-1
7 at 2. The thrust of the Commissioner's motion appears to be that the Court made an improper
8 analogy between the present action and Taylor. This argument is without merit.

9      In its analysis, the Court did not rely on Taylor in an analogous fashion as asserted by the
10 Commissioner. Rather, the Court found that the ALJ committed legal error by not addressing
11 medical opinions solely because they concerned a time after plaintiff's date last insured. ECF No.
12 23 at 6. In doing so, the Court stated that "this method of evaluating the record is improper as the
13 Ninth Circuit 'has specifically held that medical evaluations made after the expiration of a
14 claimant's insured status are relevant to an evaluation of [a] preexisting condition.'" Id. citing
15 Taylor, 659 F.3d at 1232 (quoting Lester v. Chater, 81 F.3d 821, 832 (9th Cir.1996) (quoting in
16 turn Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir.1988)). Furthermore, the Court also cited to
17 20 C.F.R. § 404.1527(c), which requires an ALJ to evaluate every medical opinion in the record,
18 regardless of the source. ECF No. 24-1 at 6. The Commissioner failed to address the Court's
19 reliance on this authority.

20      In its motion, the Commissioner mostly repeats the same argument made in its cross-
21 motion for summary judgment, asserting that there is no medical evidence from the relevant
22 period and that the medical opinions at issue contain no relevant, objective findings. Those
23 arguments and evidence were previously carefully considered by the Court, and do not provide a
24 basis for amending the judgment. "Whatever may be the purpose of Rule 59(e) it should not be
25 supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."
26 Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico, 1981).

27      Additionally, the Commissioner asserts that the present case is analogous to Greenway v.
28 Astrue, 353 Fed.Appx. 88 (9th Cir. 2009), in which the Ninth Circuit affirmed the decision of the

Appeals Council, which adopted the ALJ's recommended decision denying benefits. In Greenway, however, the court did not face the issue of whether or not an ALJ could fail to address medical opinions in the record solely because they were made after the expiration of a claimant's insured status. Also, there is a notable difference between the mental illness at issue in Greenway, schizophrenia, and the mental illness at issue in the present case, post-traumatic stress disorder ("PTSD"). Whereas there is no clear event that triggers the onset of schizophrenia, PTSD is developed "following exposure to an extreme traumatic stressor involving direct personal experience of an event that involves actual or threatened death or serious injury . . . or witnessing an event that involves death, injury, or a threat to the physical integrity of another person." Diagnostic and Statistical Manual of Mental Disorders 463 (4th ed. 2000). Aside from the aforementioned case law and regulation requiring an ALJ to address all medical opinions in the record, the undisputed fact that plaintiff is a veteran of the Vietnam War, by itself, warrants the consideration of a medical opinion stating that plaintiff has PTSD resulting from events occurring while plaintiff was in Vietnam.

In sum, the Commissioner has failed to show clear error in the Court's prior order. Because the Commissioner "has brought up nothing new . . . this Court has no proper basis upon which to alter or amend the order previously entered. The judgment may indeed be based upon an erroneous view of the law, but, if so, the proper recourse is appeal - not reargument." Frito–Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981) (citations omitted).

CONCLUSION

For the reasons stated herein, it is hereby ordered that the Commissioner's motion to alter or amend the judgment (ECF No. 24-1) is DENIED.

Dated: September 26, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD: 33
CM/Attorneys/"33"/CKD/kilg1792.dib.ord.rto